UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

LLOYD H. HANNA, III               CASE NO.: 12-bk-14850-KRM
                                  Chapter 13 Case

        Debtor(s)
_____/

### EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY

**Debtor is seeking an emergency hearing on this Motion in order to prevent any further continuation of a state court action filed against the debtor to foreclose a mortgage on property that is an asset of the bankruptcy estate.**

COMES NOW, Lloyd H. Hanna, III ("Debtor"), by and through the undersigned counsel, pursuant to 11 U.S.C. §§ 105(a) and 362(a)(1), and files this *Emergency Motion to Enforce the Automatic Stay* and requests that this Court, without a hearing, enter an Order hereon.  In support of this Motion, Debtor states as follows:

1. Debtor is a defendant in a mortgage foreclosure case, which case is pending in the Circuit Court of the Thirteenth Judicial Circuit, Case No. 09-CA-32782 ("State Court Case"), the Honorable Michelle Sisco ("Judge Sisco") presiding.

2. Trial is scheduled in the State Court Case, and a Pretrial Conference is scheduled for Monday, October 1, 2012 at 2:30 p.m.

3. On September 28, 2012 at 1:42 PM, the Debtor filed a bankruptcy petition in this Court under Chapter 13 of the United States Bankruptcy Code.

4. In conjunction with this bankruptcy filing, the undersigned filed a Suggestion of Bankruptcy in the State Court Case and forwarded it to Judge Sisco.

5. On September 28, 2012, upon receipt of the Suggestion of Bankruptcy, Judge Sisco's chambers advised the undersigned's office that the October 1, 2012 Pretrial Conference would proceed as scheduled, not as a Pretrial Conference, but as a Case Management Conference.

6. Respectfully, the undersigned has never before witnessed a state court judge attempt to proceed with a hearing when a homeowner has just filed bankruptcy. See 11 U.S.C. § 362(a)(1). In light of the automatic stay, the undersigned is concerned. This concern is compounded by the fact that "Case Management Conference" is defined broadly under Florida law, see Fla.R.Civ.P. 1.200(a)(1) – (10), and Judge Sisco has not issued a written Order clarifying what the purpose of this "Case Management Conference" is. Respectfully, given the automatic stay, what could possibly be accomplished at a CMC?[1]

7. In light hereof, the undersigned personally called Judge Sisco's assistant, advising her of the bankruptcy and of Debtor's inclination to seek relief from this Court if the hearing proceeded.

8. In response, Judge Sisco's assistant advised the undersigned that it was Judge Sisco's policy to convert a Pretrial Conference into a Case Management Conference when a foreclosure defendant files bankruptcy and that the CMC would proceed as scheduled. Judge Sisco's assistant even invited the undersigned to file the instant motion before this Court, saying "you can file whatever you need to file," or words to that effect.

9. Pursuant to 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition operates as an automatic stay to the "commencement or continuation… of a judicial, administrative, or other action proceeding against the debtor."

---

[1] It appears Judge Sisco may be punishing Debtor for filing bankruptcy on the eve of the Pretrial Conference by making Debtor's counsel attend a CMC even though nothing can happen.

10. Respectfully, Judge Sisco cannot adjudicate the State Court Case without Order from this Court. *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000).

11. The automatic stay is an injunction issued from the authority of the bankruptcy court, and is not subject to collateral attack by other courts. *Id*.

12. The imposition of the automatic stay deprives a state court of all jurisdiction and power to proceed with a foreclosure and any attempt to do so is without authority of law. *Kalb v. Feuerstein*, 308 U.S. 433, 443 (1940).

13. In light hereof, this Court should issue an Order directing all parties in the State Court Case not to proceed with a CMC or any further hearings unless and until the automatic stay is dissolved or by other such Order of this Court. Alternatively, to the extent this Court thinks a CMC is somehow permissible notwithstanding the automatic stay, it should delineate the permissible scope of the CMC.

14. The CMC is scheduled for Monday, October 1, 2012 at 2:30 p.m. Under the circumstances, this Court should enter an Order forthwith, on an emergency basis, without a hearing.

WHEREFORE, the Debtor requests that this Honorable Court enter an order granting this motion and directing the State Court, to include Judge Sisco, to cease any and all actions pertaining to the continuation or adjudication of the State Court Case until such time as the automatic stay is dissolved by order of this court, and granting such other relief as this court deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of September, 2012, a true and correct copy of the foregoing has been furnished by CM/ECF Electronic Mail to: the **United States Trustee,** 501 E. Polk St., Suite 1200, Tampa, FL  33602 and **Terry E. Smith,** P.O. Box 6099, Sun City Center, FL  33571 and by Facsimile and regular mail to the Honorable Michelle Sisco, 800 E. Twiggs St., Room #524, Tampa, FL  33602 and via regular mail to **Lloyd H. Hanna, III,** 6613 N. Thatcher Ave., Tampa, FL  33614.

*/s/  Mark P. Stopa, Esq.*
Mark P. Stopa, Esq.
Florida Bar No.  550507
**STOPA LAW FIRM**
2202 N. West Shore Blvd., Suite 200
Tampa, FL  33607
Telephone:  (727) 851-9551
Facsimile:  (727) 851-9557
mpsstopalaw@gmail.com
Attorney for Debtor